## Mc Lain's adm'x. *vs.* Churchill et al.

Where a bond for costs is substituted, after a discontinuance as to one defendant, in place of the original bond, such substituted bond is properly to be executed to all the original defendants.

When executed, such bond relates back to the time of filing the first bond.

Where the original obligor for costs is needed as a witness for the plaintiffs, they are entitled to examine him, and to render him competent by substituting a new bond for costs, in case no injury is produced thereby.

If, in such substitution, there is any objection to the bond, as that the obligor is insolvent; and if the defendant stands on his exception on that ground, asks leave to withdraw any plea filed, or refuses to proceed further in the suit, and his exception is well founded, he may have advantage of it on error.

But if he goes on with the trial, he waives the exception.

In assumpsit for the proceeds of a note collected by the defendant of a third person for the plaintiff, if the plaintiff has a verdict, it is presumed that it was proved on the trial that he was the legal owner of the note, or legally entitled to the proceeds.

But though this is presumed, yet the defendant had the right to produce the note and show upon it the plaintiff's endorsement to himself, because that *prima facie* vested the legal interest in him, and he was entitled to have it weighed against the plaintiff's evidence.

The plaintiff could then prove the assignment was made to the defendant as his mere agent to collect; or that defendant agreed to collect for him and pay over.

This was an action of assumpsit, tried in the Pulaski Circuit Court, in June, 1841, before the Hon. John J. Clendenin, one of the circuit judges. Churchill, Southmayd & Co., sued John McLain and Noah H. Badgett, on the common money counts. The attorney of the plaintiffs executed bond for costs, to both defendants, before suit commenced. The defendants prayed a bill of particulars, which was granted; and one of the items contained in it was for money collected by defendants for plaintiffs, on a note of H. A. Whittington, executed to F. R. Southmayd & Co., and endorsed to plaintiffs. The plaintiffs discontinued as to Badgett, and McLain pleaded non assumpsit; on issue to which the case was tried. After the jury was sworn, the court allowed the bond for costs to be withdrawn, to enable the obligor to testify for the plaintiffs, and a new one to be substituted, executed to both McLain and Badgett, conditioned to pay "all costs which have accrued or may accrue," and McLain excepted. Verdict and judgment for plaintiffs $720 50 and costs. The bill of exceptions, after setting out the decision, &c., as to the bond, without stating any part of the plaintiff's evidence, says, that after the plaintiff ceased his evidence, the defendant offered to read in evidence the note mentioned in the bill of particulars, and the endorsements on it, which were, "*Pay Sam'l W. Southmayd, or order* without recourse. F. R. Southmayd"—and "Pay *S. W. Southmayd* or order John McLain Esq. Churchill, Southmayd & Co."—the words in italics being erased by crossing with a pen. The court refused to permit the note and endorsements to be read, and the defendants excepted. The

McLain's adm'x. *vs.* Churchill et al.

case came up by appeal. McLain dying, the suit proceeded here in the name of his administratrix.

*Fowler*, for appellant.

*Cummins*, contra.

The objection to the bond for costs was mere matter in abatement. *Means vs. Cromwell*, 1 *Ark. Rep.* 247. *Clark vs. Gibson*, 2 *Ark. Rep.* 109. 1 *Ch. Pl.* 435–6. *Gould's Pl.* 41–2. And the appellant by going into trial waived his objection to the bond for costs. The party should have pleaded the matter *puis darrien continuance*. *Jackson ex dem. of Colden et al. vs. Rich*, 7 *J. R.* 194. The question as to the sufficiency of the bond cannot arise in this case as the party did not show at the proper time that he was entitled to a bond for costs. *Clark vs. Gibson*, 2 *Ark. Rep.* 109. *Davis vs. Gibson*, 2 *Ark. Rep.* 115. *Smith vs. Dudley*, 2 *Ark. Rep.* 68.

The court acted properly in permitting the plaintiffs below to withdraw the original bond for costs and substitute another in its stead, with a view to render their witness competent. *Whatley vs. Fearnly*, 1 *Tidd's Pr.* 259, sec. 6. 2 *Chit.* 163. *Bailey vs. Baily*, 7 *Moore* 439. *S. C*, 1 *Bing*. 92. *Salmon vs. Rawle et al.* 3 *Serg. & Rawle*, 311. 1 *Harris' Index*, 513, 514.

The objection taken to the exclusion of the note and endorsements offered in evidence by the defendants below, is untenable. The party has failed to set out the evidence given in the cause, and in the absence of all showing to the contrary, this court must presume the court below acted properly. *Smith vs. Dudley*, 2 *Ark. Rep.* 68. *Clarke vs. Gibson*, 2 *Ark. Rep.* 109. As to the objection to the verdict, see the following cases, *Dyer vs. Hatch*, 1 *Ark. Rep.* 339; *Wilson vs. Bushnell*, 1 *Ark. Rep.* 465. Whenever substantial justice has been done, the verdict will not be disturbed. *Thomson vs. Button*, 14 *J. R.* 84. *Hawkes vs. Crofton*, 2 *Burr.* 698. *Hob.* 54. *Hodges vs. Raymond*, 9 *Mass. Rep.* 316. *Miller vs. Foley*, 4 *Bibb*, 200. *Roberts vs. Swearingen*, *Har.* 121. 1 *Rol. Abr.* 760, *pl.* 6. 2 *Saun. Rep.* 45. 5 *Rep.* 39 *b. Longueville vs. Inhabitants of Thistleworth*, 2 *L'd. Raym.* 970.

*Middleton vs. Wynne, Wills Rep.* 600, 601.    *Wolford vs. Ishel, Hardin,* 121.

*By the Court,* LACY, J.    We hold that the bond was properly executed.    Badgett, as well as McLain was entitled to have his costs secured; and although none could accrue to him after the discontinuance, still he may, from aught that appears on the record, have taken out subpœnas for his defence and have had his witness in court, and this may have been the reason the suit was discontinued as to him. The new bond being substituted in lieu of the original one, its execution necessarily related back to the time of filing the first bond, and secured Badgett in his costs as well as McLain.    When one thing is substituted for another, it stands in its place and secures all antecedent rights, that have previously accrued.    The court, in permitting the substitution, acted within its discretion; for unless it possess such power, there might occur in many cases an *entire failure of justice.*    The plaintiffs were entitled to examine the witness who was security on the first bond; this the authorities in the brief prove, and it is the constant practice of the court to allow such substitution in a case where no injury is produced.    The defendants have not been prejudiced by this act, for they are placed by it in no worse situation than they were in before its filing.    It has secured to them their costs and that is all they have a right to under either bond.    The objection to the new bond seems to be general, at least to point to nothing except that it was given to both defendants instead of one.    Had the objection gone to any other matter, it should have been suggested and shown to the court, such for instance, as the insolvency of the security, and the like; and had the party in such case stood upon his exceptions, and asked leave to withdraw his plea to the merits, or refused to proceed any further in the trial, and the exception been well founded, *it might* been taken advantage of on error.    But here he waived his exception by going on with the trial, and after verdict had against him he will not be permitted to return to his objection, and insist on it to reverse the judgment.

There is no assignment on the note to the plaintiffs, but they endorse it to McLain.    There is no proof in the cause showing that the

plaintiffs are the legal holders or endorsees of the note except the statement in the bill of particulars, and the legal inference that arises in favor of the verdict and judgment below. It must be presumed that fact was proven on the trial, or plaintiffs should have been non-suited for want of a good cause of action. The presumption then is, that the plaintiffs are the legal holders of the note, or rather that they are legally entitled to its proceeds, and that the defendant collected the amount charged against him at their special instance and request, and for their use and benefit. It was indispensable for the plaintiffs to prove these facts, or some important one of them to sustain their cause of action on this item of the account, and when they had done so, it was unquestionably competent for the defendant to produce the note and show the assignment, which *prima facie* vested the legal interest in himself, and this testimony was entitled to be weighed against the plaintiffs' proof. It was not conclusive of the matter, but it was legal evidence proper to be heard and considered by the jury. This *prima facie* testimony surely went to defeat the plaintiff's right of recovery; but it did not destroy it, provided the plaintiffs could prove that the assignment was made to the defendant as their mere agent to facilitate the collection of the note, or that he agreed specially to collect the money for them and promised to pay it over. All the evidence in regard to the true and legal interest in the note was proper testimony and it should have been heard, and the jury left free to pass on the whole proof, and to say how the matter stood, and their finding would then have been conclusive on the point. Having shown that the testimony offered by the defendant was lawful and important evidence, and that it was improperly excluded on the trial, of course the judgment must be reversed.